**UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION


IRA J. GIBSON                                                          PLAINTIFF

VS.                              NO. 5:10CV00109  SWW

MILLCREEK OF ARKANSAS                                   DEFENDANT


**ORDER**

Before the Court is Defendant's motion for fees (docket entries #20, #21), Plaintiff's

response in opposition (docket entries #22, #23), and Defendant's reply (docket entry #24).

After careful consideration, and for reasons that follow, the motion is granted in part and denied

in part.  Plaintiff is ordered to pay Defendant $1,441.5 in fees that Defendant incurred because

Plaintiff re-filed claims after a voluntary dismissal.

Plaintiff Ira J. Gibson ("Gibson") commenced this employment discrimination action

against her former employer, Millcreek of Arkansas ("Millcreek").  Gibson filed her original

complaint against Millcreek  in this Court on February 26, 2008, *see Gibson v. Millcreek of*

*Arkansas*, No. 5:08CV0005.  However, after Millcreek moved for summary judgment, Gibson

moved for voluntary dismissal.   The Court granted Gibson's motion and dismissed the original

action,  without prejudice, on the condition that if Gibson initiated another lawsuit against

Millcreek arising from the same facts and occurrences involved in original lawsuit, she would be

ordered to pay Millcreek any costs, expenses and fees incurred by Millcreek in first action and

duplicated because of the refiling.

On April 20, 2010, Gibson commenced the present suit in which she alleges the same

facts and brings the same claims, with the exception of a Title VII claim, that she pursued with

her original complaint.  Again, Millcreek filed a motion for summary judgment, which the Court

granted.  Millcreek now seeks to recover $4,070.5 in duplicated fees.

    In support of its motion, Millcreek presents the affidavit of its attorney, Stephen W.

Jones, which states in part as follows:

> As a result of Plaintiff refiling this action, my associate, my paralegal and/or I were
> required to review and analyze the new complaint, compare the new complaint to the
> original complaint, prepare and file an answer to the new complaint . . . , coordinate,
> prepare and file a new Rule 26(f) Report . . . ,prepare and file a updated Motion for
> Summary Judgment . . . and communicate with Millcreek about matters related to
> these items.

    Gibson asserts that the Court should deny Millcreek's motion because counsel failed to

provide documentation necessary to determine whether the fees and costs sought are reasonable.

Additionally, Gibson argues that it was not necessary for Millcreek to file an updated motion for

summary judgment.

    Millcreek has now filed a statement detailing the time expended on individual tasks

associated with fees that it claims duplicate expenses incurred in the original lawsuit. The Court

finds that the hourly rates charged–$215 for Millcreek's attorney and $75 for paralegal work–are

reasonable.  Additionally, the Court finds that many of the items listed on the statement relate to

duplicated work that was either essential or reasonably necessary to defend properly this re-filed

case.   However, the Court finds that time spent revising Millcreek's motion for summary

judgment is not entirely chargeable to duplicated work.  Millcreek claims 27.1 hours for a total

of $2,844 in fees for tasks that include editing and revising the brief and reviewing transcripts of

deposition testimony for the purpose of including deposition citations to supplement affidavit

citations that were included in the original brief.   The fees associated with general revisions and

deposition citations were not incurred *because of* Gibson's refiling.  The Court agrees that time

spent removing references to Gibson's Title VII claim, which she included in her first complaint but omitted from her re-filed complaint, was necessary because of the refiling; however, this task could have been performed in an hour.  Accordingly, the Court will allow $215 for refiling the motion for summary judgment and the balance, $2,629, will be deducted from the requested fee award of $4,070.5.

IT IS THEREFORE ORDERED that Plaintiff is directed to pay Defendant $1,441.5 in fees, which resulted from the voluntary dismissal and refiling of Plaintiff's claims.

IT IS SO ORDERED THIS 20TH   DAY OF MAY, 2011.


/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE